# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

JOHN STEPHEN LINKENAUGER, II,    )
                                                                      )
        **Plaintiff,**               )
v.                                                       )     Civil Action No. 2:20-00068

**WVDCR,** *et al.***,**

        **Defendants.**

## O R D E R

On January 28, 2020, Plaintiff, acting *pro se*,[1] filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 2.) Specifically, Plaintiff appears to be claiming that Defendants provided inadequate medical care in violation of his Eighth Amendment rights.[3] (Id.) Plaintiff names the following as Defendants: (1) Trinity Food

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Social Services*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[3] Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). *See also Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting *Hudson v. Palmer*, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). Sentenced prisoners are therefore constitutionally guaranteed adequate medical care under the Eighth Amendment.
      To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter*, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" *Id.* at 298, 111 S.Ct. 2321 (*citing Rhodes v. Chapman*, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove

Services, Food and Nutrition Providers at South Central Regional Jail; and (2) WVRJA/WVDCR. (Id.)

Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. To the extent Plaintiff names the WVRJA/WVDCR as defendants, Plaintiff is **NOTIFIED** that a Section 1983 claims must be directed at a "person."[4] See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983); also see Will v. Michigan Dept. of State Police, 491 U.S. at 66, 109 S.Ct. at 2309(Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); but also see Monell v. Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(Municipalities are "persons" subject to suit

---

two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)(*quoting Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). *See also White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.")

[4] It is insufficient for Plaintiff to name "staff" as a defendant. If Plaintiff is unaware of the names of the relevant individuals, a plaintiff should designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) and shall further identify each individual in the body of the Complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the Complaint. Plaintiff is **NOTIFIED** that service of process cannot be effectuated on "John Doe" or "Jane Doe" defendants. If a defendant is not served, Plaintiff will not be able to prevail on his claim against that person. It is Plaintiff's responsibility, and not the duty of the Court, to ascertain the identities and addresses of those individuals whom Plaintiff believes caused his injury.

under Section 1983); Gilco v. Logan County Commission, 2012 WL 3580056, * 6 (S.D.W.Va. Aug. 17, 2012)(J. Copenhaver)("Municipalities, such as the County Commission, are 'persons' subject to suit under section 1983.") To the extent Plaintiff names Trinity Food Services as defendant, Plaintiff is notified that a private entity that contracts with the State to provide medical services acts "under color of state law." West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1998); also see Monell v. Dep't of Soc. Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(A corporation acting under color of State law can be held liable under Section 1983 only for unconstitutional policies and practices.); Motto v. Correctional Medical Services, 2007 WL 2897854 (S.D.W.Va. Sept. 27, 2007); also see Edwards v. State, 2002 WL 34364404, * 12 (S.D.W.Va. March 29, 2002)(J. Goodwin)("To state a case against PrimeCare, [plaintiff] must show that a policy or custom or ratification of a policy or custom and procedure by PrimeCare caused a constitutional violation."); Kinder v. PrimeCare Medical, Inc., 2015 WL 1276748, *9 (S.D.W.Va. March 19, 2015). "[A] private corporation is liable under § 1983 *only* when the official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999)(emphasis in original). A private corporation, however, cannot be held liable under the doctrine of *respondeat superior* for the individual actions of its employees. Id. at 727; see also Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006).

Accordingly, if Plaintiff wishes to proceed with his Section 1983 claim, he should amend his Complaint to name "persons" as defendants and state specific facts as to how each defendant violated his constitutional rights. Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with

specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint (Document No. 2), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will supersede the original Complaint (Document No. 2), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Furthermore, Plaintiff is **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to promote clarity.[5] Fed. R. Civ. P. 10.

Accordingly, it is hereby **ORDERED** that Plaintiff has until **March 4, 2020** to file an Amended Complaint naming "persons" as defendants, specifically setting forth his constitutional claims, and stating specific facts as to how each defendant violated his constitutional rights. Failure of Plaintiff to comply with the above requirements by March 4, 2020, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[6] and Rule 41.1 of the Local Rules of Civil Procedure for the

---

[5] In the "Statement of Claim" section of the form Complaint, plaintiffs are advised to set forth each claim in a separate paragraph and to attach extra sheets if necessary.

[6] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Southern District of West Virginia[7].

The Clerk is directed to mail to a copy of this Order and a form Complaint to Plaintiff, who is acting *pro se*.

ENTER: February 4, 2020.

Omar J. Aboulhosn
United States Magistrate Judge

---

[7] Rule 41.1 of the Local Rules provides:
   **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.